IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr169-WKW |
| | ) | WO |
| JAMES CALVIN TALLEY | ) | |

## ORDER ON MOTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 5, 2007. There is a rebuttable presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant – who is charged in the indictment with conspiracy to possess with intent to distribute and distribute 50 grams or more of crack cocaine, 5 kilograms or more of cocaine powder, and a quantity of marijuana – was convicted of unlawful distribution of a controlled substance in 2004 and sentenced to prison. Between the time that he was paroled in October 2005 and April 2006, he incurred two additional distribution charges (still pending in state court), and his parole was revoked. Also, while defendant was on parole, officers went to his home in Verbena to talk with him about possible cooperation. They knocked on defendant's door and, when no-one answered, they called his parole officer and learned that defendant was supposed to be at work in Birmingham about an hour away. Officers then called defendant on his cell phone and defendant confirmed that he was at work in Birmingham, but said he could be at his house

---

[1] Defendant made a sufficient showing to rebut the presumption in this case.

in about an hour. The officers drove away to a location from which they could observe the house. Within 15 minutes, defendant emerged from the residence and pitched something in the bed of a truck belonging to his mother which had pulled up in front of the house. The officers obtained consent to search and found a set of digital scales and some baggies in the vehicle. They also searched the house, where they found additional baggies and $1200 to $1400 in cash. Defendant told officers that he had lied in a previous proffer, and also that the cocaine he sold, which resulted in the two new charges, was part of half a kilo that he had buried when he went to prison.

In addition, defendant was previously arrested on a rape/robbery charge. The victim initially cooperated, then decided not to do so. He was also arrested for shooting into an occupied dwelling. In that instance, the victim came to the D.A.'s office and advised the D.A. that he did not want to continue with prosecution out of fear of danger to his family, as defendant was driving back and forth in front of his residence and parking at the end of the road and watching family members come and go. Defendant has several failures to appear on traffic charges. In addition, the drug conspiracy charged in the indictment involves 16 defendants, a large quantity of drugs, cash in excess of $2 million, multiple drug transactions, a number of shootings and weapons, and the potential for lengthy prison sentences for all defendants. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the

Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

      DONE, this 8th day of March, 2007.

                                       /s/ Susan Russ Walker
                                       SUSAN RUSS WALKER
                                       UNITED STATES MAGISTRATE JUDGE