IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr169-WKW |
| | ) | |
| JAMES CALVIN TALLEY | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This case is before the court on the government's Motion for Preliminary Order of Forfeiture (Doc. # 471.)  Because the United States sought forfeiture of specific property in the indictment and the bill of particulars in the above case, and the defendant James Calvin Talley filed a Consent for Forfeiture on December 18, 2007, for forfeiture of specific property, it is ORDERED that the Motion for Preliminary Order of Forfeiture is due to be GRANTED.

IT IS HEREBY ORDERED THAT:

1.     As a result of the guilty plea on Count 1 of the indictment, for which the Government sought forfeiture pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States: all property involved in the commission of violations of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, 846.

2.     The Court has determined that the following property is subject to forfeiture pursuant to Title 21, United States Code, Section 853; that the defendant had an interest in

such property; and, that the United States has established the requisite nexus between such

property and such offenses:

> Thirty Thousand One Hundred Forty One and 84/100 Dollars ($30,141.84) in United States currency seized from Mutual Savings Credit Union account in the name of James C. Talley, Jr. on April 14, 2006.

3.      Upon the entry of this Order, the United States Attorney General is authorized

to seize the above-listed property and conduct any discovery proper in identifying, locating

or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P.

32.2(b)(3).

4.      Upon entry of this Order, the United States Attorney General is authorized to

commence any applicable proceeding to comply with statutes governing third party rights,

including giving notice of this Order.

5.      The United States shall publish notice of the Order and its intent to dispose of

the property in such a manner as the United States Attorney General may direct.  The United

States may also, to the extent practicable, provide written notice to any person known to have

an alleged interest in the subject property.

6.      Any person, other than the above named defendant, asserting a legal interest

in the subject property may, within thirty days of the final publication of notice or receipt of

notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the

validity of his alleged interest in the subject property, and for an amendment of the Order of

Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.      Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.      The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11.    The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12.    IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward two certified copies of this Order to the United States Attorney's Office.

DONE this 21st day of December, 2007.

_____/s/  W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

_____